ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.

110 A.3d 68

IN THE MATTER OF WILLIAM T. MEADOWS, AN ATTORNEY AT LAW (ATTORNEY NO. 023962003).

March 23, 2015.

110 A.3d 68

IN THE MATTER OF EVANS C. AGRAPIDIS, AN ATTORNEY AT LAW (ATTORNEY NO. 036881983).

March 26, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–200, concluding that **EVANS C. AGRAPIDIS** of **HASBROUCK HEIGHTS,** who was admitted to the bar of this State in 1983, should be reprimanded for violating *RPC* 1.15(b) (failure to promptly deliver funds to the client or third party);

And the Disciplinary Review Board having further concluded that respondent should be required to submit to the Office of Attorney Ethics monthly reconciliations of his attorney accounts on a quarterly basis for a period of two years;

And good cause appearing;

It is ORDERED that **EVANS C. AGRAPIDIS** is hereby reprimanded; and it is further

ORDERED that respondent shall submit to the Office of Attorney Ethics monthly reconciliations of his attorney accounts on a